UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-62623-Civ-COOKE/TORRES

ALFRED SPEIGHTS, III,

    Plaintiff,

v.

J.C. PENNEY CORPORATION, INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO REMAND

BEFORE ME is Plaintiff Alfred Speights, III's Motion to Remand this action to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (ECF No. 5). Defendant J.C. Penney Corporation, Inc. removed this case from state court on November 18, 2014. *See* Not. Removal, ECF No. 1. Plaintiff's Motion to Remand is fully briefed and ripe for adjudication. After reviewing Plaintiff's Motion to Remand, the Response (ECF No. 6) and Reply (ECF No. 7) thereto, the record, and relevant legal authorities, Plaintiff's Motion to Remand is granted.

### I. BACKGROUND

On March 27, 2014, Plaintiff Alfred Speights, III, ("Mr. Speights") filed suit in state court against Defendant J.C. Penney Corporation, Inc. ("JCP") for negligence stemming from an accident that occurred on July 5, 2013 at a J.C. Penney store located in Pompano Beach, Florida ("State Court Case").[1] *See generally* Not. Removal, ECF No. 1. Mr. Speights is a citizen of Florida and a resident of Broward County, Florida. *Id.* JCP is a Texas corporation with its principal place of business in Plano, Texas. *Id.* Subsequently, on April 24, 2014, JCP removed Mr. Speights' action to federal court on the basis of diversity of citizenship under 28 U.S.C. § 1332 ("First Removal").[2] However, although complete diversity existed between the parties, JCP failed to meet its burden of demonstrating that the

---

[1] *Alfred Speights, III vs. J. C. Penney Corporation*, Case No. 2014 CACE 005975 (04).

[2] The action was removed to the United States District Court for the Southern District of Florida. *See Alfred Speights, III vs. J. C. Penney Corporation, Inc.*, Case No. 14-60971-Rosenbaum/Hunt.

amount in controversy exceeded $75,000.00. *See* Order Remand, ECF No. 1-4. Accordingly, the action was remanded to state court for lack of jurisdiction. *Id.*

The parties then proceeded with discovery in the State Court Case. On June 30, 2014, Mr. Speights served JCP with Plaintiff's Answers to Interrogatories, in which he revealed that his medical bills exceeded $75,000. *See* Answer Interrogs., ECF No. 1-5. As a result of this newly discovered information, JCP filed its second notice of removal on November 18, 2014 ("Second Removal"). Not. Removal, ECF No. 1. JCP argues that removal is proper at this juncture because the amount in controversy now exceeds $75,000. *Id.* In response, Mr. Speights filed the instant Motion to Remand, arguing that JCP has failed to meet the statutory requirements for removal under 28 U.S.C. § 1446(b).

## II. LEGAL STANDARD

A party may remove a civil action from state court to federal court under 28 U.S.C. § 1441 based on diversity of citizenship under 28 U.S.C. § 1332(a) if the amount in controversy exceeds the sum or value of $75,000. A party removing a case to federal court bears the burden of establishing removal jurisdiction. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (citation omitted). The removing defendant must overcome the narrow construction of removal statutes. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "The strict construction of removal statutes…prevents 'exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal'…a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.*, 507 F. Supp. 740, 777 (S.D. Ga. 1981) (quoting 14A C. Wright Miller & E. Cooper, Federal Practice and Procedure § 3721)). Thus, "all doubts about jurisdiction should be resolved in favor of remand to state court." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Doe v. Fla. Int'l Univ. Bd. Of Trustees*, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006).

## III. ANALYSIS

A defendant must file for removal of a civil action based on diversity of citizenship grounds "within 30 days after the receipt by the defendant" of "a copy of the initial pleading setting forth the claim for relief," 28 U.S.C. § 1446(b)(1), or "if the case stated by the initial

pleading is not removable," the defendant may remove the case within 30 days of receipt of "other paper from which it may *first* be ascertained that the case is one which *is or has become removable.*"  28 U.S.C. § 1446(b)(3) (emphasis added).  Plaintiff served Defendant JCP with his Answers to Interrogatories in the Circuit Court Case on June 30, 2014, wherein he claimed that his medical bills exceeded $127,887.54.  Therefore, JCP first ascertained that Plaintiff's damages exceeded the statutory amount in controversy threshold of $75,000 on or about June 30, 2014.  However, JCP did not move to remove the case from state court until November 18, 2014, nearly five months after learning that Plaintiff's damages met the minimum amount in controversy requirement for removal.

Therefore, although the amount in controversy requirement under 28 U.S.C. § 1332 is now met, JCP has failed to timely file its second Notice of Removal.  Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED**.  This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  The Clerk of Court is directed to **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 21st day of May 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

3